```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AESOP OVIE AMEEN,

                       Plaintiff,

vs.                                    Case No.   2:06-cv-460-FtM-99SPC

SECRETARY, DOC, FNU ARMSTRONG, Sergeant and FNU IGLESIAS, T.E.A.,

                       Defendants.

_____

**ORDER**

    This matter comes before the Court upon initial review of the file. Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1) on September 7, 2006. The Complaint alleges that Plaintiff's First Amendment rights were violated while he was incarcerated at Hendry Correctional Institute. As relief Plaintiff seeks monetary damages for emotional distress (Doc. #1 at 14).

    On the Civil Rights Complaint form Plaintiff states that he filed an emergency grievance and a formal grievance; however, Plaintiff states that he did not submit an appeal to the Office of the Secretary. (Id. at 3.) A grievance dated March 21, 2006, includes a response that instructs Plaintiff that his formal grievance is denied, but that he may seek further review by filing an appeal to the Secretary of the DOC. As previously stated, Plaintiff admits that he did not file an appeal to the DOC.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion is a pre-condition to suit, id.; the Court is required to enforce this requirement *sua sponte*. See Salas v. Tillman, 162 Fed. Appx. 918

-2-

(11th Cir. 2006) (holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to exhaust was not an abuse of discretion); see also Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998).

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added).  In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156.  Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought-- i.e. monetary damages--is available through the administrative

procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

While Plaintiff initiated the grievance procedures, it is clear that at the time of the filing the Complaint, Plaintiff had not fully exhausted the administrative grievance procedures available to him with the Department of Corrections.  Plaintiff must grant jail officials a reasonable time to investigate and respond to his grievance, as well as avail himself of any administrative appeals process before he files an action in federal court.  Because exhaustion is a pre-condition to suit and because the full exhaustion of all administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.  Thus, Plaintiff's Complaint is dismissed without prejudice for failure to exhaust his administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of September, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record